**Min Zhi WENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.**

No. 03–40794–AG.

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

Min Zhi Weng, Brooklyn, NY, for Petitioner.

Jeffrey Sullivan, Assistant United States Attorney for the Western District of Washington, Seattle, WA, for Respondents.

PRESENT: CARDAMONE, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Min Zhi Weng (Weng or petitioner) petitions for review of the Board of Immigration Appeals' September 30, 2003 denial of his September 2, 2003 motion to reconsider. Petitioner also argues that the BIA's June 1996 dismissal of his appeal and the Immigration Judge's (IJ) 1995 denial of his asylum claim were wrongly decided. We assume the parties' familiarity with the facts and procedural history of the case.

To the extent that Weng challenges earlier decisions by the IJ and BIA, including the IJ's underlying order denying his application for relief and the BIA's June 1996 order, this Court lacks jurisdiction because Weng failed to file a timely petition for review of those orders. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89 (2d Cir.2001) (citing *Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)).

Weng has properly presented for review the BIA's September 2003 denial of his motion to reconsider, which this Court reviews for abuse of discretion. *Id.* Weng's motion asked the BIA to reconsider its August 22, 2003 order denying his June 2003 motion. Although petitioner had fashioned the June 2003 motion as a motion to reopen, the BIA properly construed it as a motion to reconsider the BIA's October 31, 2002 order; Weng was not providing new evidence that would give rise to a motion to reopen but rather was asserting that at the time of the BIA's earlier decision, an error had been made. *See id.* at 90 (comparing motions to reopen with motions to reconsider). Hence, petitioner's June 2003 motion was a motion to reconsider, and his September 2003 motion was a second motion to reconsider. As such, Weng's motion was plainly number barred under 8 C.F.R. § 1003.2(b)(2) ("A party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider."). Further,

in his September 2003 motion to reconsider, petitioner identified no errors of law or fact in the August 22, 2003 order that would warrant reconsideration. Upon our review of the record, the BIA did not abuse its discretion in denying Weng's motion.

For the foregoing reasons, Weng's petition for review is DENIED and the pending motion for a stay of removal is DENIED as moot.